**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**SHARON DENESE BOHANON, Individually**　　　　　　　　　　　**PLAINTIFFS**
**And as Natural Guardian and Next Friend to**
**JEREMY WESTBROOK, a minor**


**VS.**　　　　　　　　　　**No. 3:05-CV-00221 GTE**


**CITY OF MARION, ARKANSAS, et al.**　　　　　　　　　　**DEFENDANTS**

**ORDER REGARDING CONFIDENTIAL INFORMANT**

Before the Court is Plaintiff Sharon Bohannon's Motion for Hearing to Compel Identity of Confidential Informant. The motion has now been fully briefed and the Court is prepared to rule. For the reasons stated below, the Court declines to order that the identity of the confidential informant be revealed.

**PROCEDURAL BACKGROUND**

The Court, in its Letter Order August 3, 2006, suggested a procedure for resolving the Plaintiff's motion, and more specifically, to determine how best to resolve the Plaintiff's contention that Officer Robert Fincher submitted an affidavit containing allegations of deliberate falsehood or reckless disregard for the truth in order to obtain a warrant to search the Plaintiff Bohannon's residence. Rather than requiring Officer Fincher's appearance at a hearing, the parties agreed (at the Court's suggestion) to depose Officer Fincher and to submit additional briefing. The Court set a date for a hearing on the motion, if needed, but later cancelled the hearing date in order to provide all parties with the opportunity to fully brief the issues presented.

After reviewing the additional briefing, the Court now concludes that no hearing is

necessary.

## FACTUAL BACKGROUND

Plaintiffs Sharon Bohanon and Jeremy Westbrook bring this action seeking redress for federal constitutional and state law violations in connection with a "no-knock" search of Plaintiff Bohannon's personal residence. Ms. Bohanon resides in Marion, Arkansas. Her Complaint states that she and Jeremy are both African-Americans and that the Plaintiffs' neighborhood is predominantly Caucasian.

The search was conducted pursuant to a Search Warrant issued by Judge William P. Rainey. The Affidavit for Search Warrant relied upon by Judge Rainey contains the following assertions that are alleged by Plaintiffs to be false:

> DURING THE PAST FIVE (5) DAYS, YOUR AFFIANT, INVESTIGATOR ROBERT FINCHER OF THE CRITTENDEN COUNTY SHERIFF'S DEPARTMENT HAS MET WITH A CONFIDENTIAL INFORMANT, WHOM YOUR AFFIANT HAS KNOWN FOR THE PAST YEAR. THIS INFORMANT HAS PROVIDED NO INFORMATION THAT HAS PROVED TO BE UNTRUE OR INCORRECT DURING THE PERIOD OF TIME. THIS INFORMANT'S IDENTITY SHOULD BE KEPT CONFIDENTIAL AS THE DISCLOSURE OF HIS/HER IDENTITY WOULD IMPAIR HIS/HER USEFULNESS TO LAW ENFORCEMENT AND ENDANGER HIS/HER LIFE.
>
> AS STATED ABOVE, YOUR AFFIANT MET WITH THE ABOVE INFORMANT, AT WHICH TIME THE INFORMANT STATED THAT HE/SHE COULD BUY COCAINE FROM THE RESIDENCE AND/OR PERSON DESCRIBED IN EXHIBIT "A."
>
> OVER THE COURSE OF THE PAST (5) FIVE DAYS, YOUR AFFIANT HAS WORKED WITH THE ABOVE INFORMANT ON NUMEROUS OCCASIONS WHERE THE INFORMANT DID IN FACT PURCHASE COCAINE FROM THE RESIDENCE AND OR PERSON DESCRIBED IN EXHIBIT "A".
>
> IN AS MUCH AS READING THIS AFFIDAVIT AS A WHOLE IT IS

> INTENDED TO REFLECT THAT THE OCCUPANT(S_ OF THE
> RESIDENCE AS DESCRIBED IN EXHIBIT "A" ARE ENGAGED IN
> AN ONGOING ENTERPRISE WITH THE PURPOSE BEING TO SELL
> AND DISTRIBUTE ILLICIT AND ILLEGAL DRUGS IN
> CRITTENDEN COUNTY ARKANSAS.
>
> I AM REQUESTING A NO KNOCK DUE TO THE NATURE OF THE
> SUSPECTED NARCOTICS BEING EASILY DISPOSED OF.

(Attached to Complaint Exhibit A, p. 5).

The Search Warrant was executed on September 9, 2005, between the hours of 6:00 p.m. and 7:00 p.m. Plaintiffs contend that at least ten to fifteen officers were involved in the search and that excessive force was used during the execution of the search warrant. (Complaint at p. 4).

The search revealed no drugs or drug paraphernalia on the premises. No arrests were made as a result of the search.

Plaintiffs assert the following causes of action: (1) violation of 42 U.S.C. § 1983 in connection with alleged violations of the 4th, 5th, and 14th Amendments (race discrimination and excessive force); (2) violation of 42 U.S.C. § 1985 - Conspiracy; (3) violation of 42 U.S.C. § 1986; (4) violation of the Arkansas Civil Rights Act of 1993; (5) abuse of process; (6) malicious prosecution; (7) false imprisonment; (8) assault; (9) battery; (10) outrage and (11) negligent hiring, supervision and/or retention.

Plaintiffs seek an award of compensatory and punitive damages.

## DISCUSSION

Plaintiff's initial motion papers presented a prima facie showing sufficient to justify additional inquiry into whether, in fact, the officers obtaining the warrant had an adequate basis for doing so. (See Court's Letter Order, Docket No. 43 at p. 2). However, after deposing the officers involved, the Defendants have now supplemented the record and provided the Court with

- 3 -

the facts and circumstances surrounding the decision of the Defendants to seek a search warrant and the information relied upon to do so. The Plaintiff has failed to controvert those facts or to otherwise show that probable cause was lacking.

The parties concede that information provided by the confidential informant, "CI # 440" was the sole basis for the probable cause used to obtain the search warrant. The Defendants point out that CI # 440 did not initiate contact with the officers for the specific and sole purpose of complaining about the Plaintiff Sharon Bohannon and her alleged drug activities, as Plaintiff contended. Rather, Captain James Wilson of the Marion Police Department contacted Bobbie Criswell of the Crittenden County Sheriff's Department to report complaints of potential drug activity and requested a confidential information who could "get in there." (Criswell Depo., attached to Defs' response as Exh. 2, pp. 10-11).

A review of the evidence submitted by the Defendants (and unchallenged by the Plaintiff) demonstrates that CI # 440 has a long history as a confidential information and a more than sufficient track record to establish her reliability as an informant. Accordingly, the Defendant officers were justified in relying on reports by CI # 440 regarding drug activities at the Plaintiff's residence.

Plaintiff Bohannon has failed to come forward with evidence to support her contention that probable cause was lacking or that the affidavit submitted in support of the search warrant contained false statements made intentionally or with reckless disregard for the truth.

Plaintiff Bohannon has been provided with a full and fair opportunity to discover the circumstances giving rise to the Defendant officers' decision to obtain a warrant to search her home and to explore her theory that the police and CI # 440 harbored a racial animus against her. Although the identity of CI # 440 has not been revealed, Plaintiff has been permitted to question

under oath the officers involved in obtaining the search warrant and to explore the circumstances surrounding the defendant officers' decision to seek a search warrant. From a review of the officers deposition, it appears that the officers had probable cause to seek a search warrant and were justified in relying on information provided by CI # 440.

After considering the entire record and the totality of the circumstances, the Court concludes that the Defendants' interest in protecting from disclosure the identity of CI # 440 far outweighs the Plaintiff's interest in disclosure.

## CONCLUSION

For reasons herein stated,

IT IS HEREBY ORDERED THAT Plaintiff's Motions to Compel the Identity of the Confidential Informant (Docket Nos. 40 and 48) be, and they are hereby, DENIED.

The Court recognizes that no trial date is currently set in this case. The Court will issue a new Scheduling Order forthwith.

IT IS SO ORDERED this   30th   day of October, 2006.

                                              /s/Garnett Thomas Eisele
                                            UNITED STATES DISTRICT JUDGE